UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY L. BROOKS, SR, #251142,

        Petitioner,

                                  CASE NO. 2:16-CV-10550
    v.                            HON. GEORGE CARAM STEEH

SHAWN BREWER,

        Respondent.

_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING THE MOTION FOR RELEASE
PENDING APPEAL, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Randy L. Brooks, Sr. ("petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal convictions and sentences. He has also filed a motion for release pending appeal. The petitioner pleaded guilty to false pretenses of $1,000 or more but less than $20,000, MICH. COMP. LAWS § 750.218(4)(a), in the Livingston County Circuit Court and was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to 4 to 20 years imprisonment in 2013. In his pleadings, the petitioner raises claims concerning the effectiveness of defense counsel, the denial of his plea withdrawal motion, the scoring of the sentencing guidelines, the accuracy of information at his plea hearing, the accuracy of information at sentencing, and his innocence/jurisdictional defect/insufficient evidence. For the reasons stated, the

-1-

Court dismisses without prejudice the petition for a writ of habeas corpus and denies the motion for release pending appeal.  The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II.    Analysis

A prisoner filing a habeas petition under 28 U.S.C. §2254 must first exhaust all state remedies.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).  To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts.  McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); see also Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing McMeans).  The claims must also be presented to the state courts as federal constitutional issues.  Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).  Each issue must be presented to the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990).  While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state remedies before seeking federal habeas review.  Granberry v. Greer, 481 U.S. 129, 131, 134-35 (1987).  The burden is on the petitioner to prove exhaustion.  Rust, 17 F.3d at 160.

In this case, the petitioner admits that he has not exhausted all of his habeas claims in the Michigan courts before proceeding in this Court on federal habeas review.  He states

that he has filed a motion for relief from judgment in the state trial court raising his fourth, fifth, and sixth habeas claims and that he intends to seek further review in the state appellate courts as necessary to fully exhaust those claims. The unexhausted claims should be addressed to, and considered by, the state courts in the first instance. Otherwise, this Court cannot apply the standard found at 28 U.S.C. § 2254.

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present the unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. Rhines v. Weber, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." Id. at 277.

A stay is unwarranted here. The petitioner fails to show that his circumstances justify a stay. He neither alleges nor establishes that the one-year statute of limitations applicable to federal habeas actions, see 28 U.S.C. § 2241(d), poses a problem for him to proceed on his habeas claims following the exhaustion of state court remedies. In fact, the one-year period is tolled during the pendency of his state collateral review proceedings. See 28 U.S.C. § 2241(d)(2). Furthermore, assuming that the petitioner has not engaged in "intentionally dilatory tactics," he fails to show good cause for failing to exhaust all of his claims in the state courts before seeking habeas relief in federal court. The Court also cannot discern whether his unexhausted claims are "plainly meritless" based upon his current pleadings. Given such circumstances, a stay is unwarranted and a non-prejudicial

dismissal of the petition is appropriate.

Additionally, as noted, the petitioner is in the midst of pursuing collateral review in the state courts. He must complete that process before seeking habeas review of matters which are the subject of the state court proceedings. Witzke v. Bell, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); Harris v. Prelisnik, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). Dismissal of the petition, rather than a stay of the proceedings, is warranted under such circumstances. Payne v. MacLaren, No. 14-CV-11427, 2014 WL 6688774, *3 (E.D. Mich. Nov. 26, 2014); Davis v. Warren, No. 13-CV-15215, 2014 WL 186097, *2 (E.D. Mich. Jan. 16, 2014); Glenn v. Rapelje, No. 11-CV-12759, 2011 WL 5039881, *2 (E.D. Mich. Oct. 24, 2011); Humphrey v. Scutt, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir.1983)).

## III.   Conclusion

For the reasons stated, the Court concludes that the petitioner has not fully exhausted all of his habeas claims in the state courts before filing this action, that he is in the midst of state collateral review proceedings, that he must properly exhaust his claims in the state courts before proceeding on federal habeas review, and that a stay is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of the petitioner's claims. Given this determination, the Court **DENIES** the motion for release on bond pending appeal.

Before the petitioner may appeal the Court's decision, a certificate of appealability

2:16-cv-10550-GCS-MKM   Doc # 6   Filed 03/03/16   Pg 5 of 5   Pg ID 102

must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on procedural grounds without addressing the merits of a claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a). This case is closed.

**IT IS SO ORDERED**.

Dated: March 3, 2016

                                    s/George Caram Steeh
                                    GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 3, 2016, by electronic and/or ordinary mail and also on
Randy Brooks, Sr., #251142, Parnall Correctional Facility,
1780 E. Parnall, Jackson, MI 49201.

s/Barbara Radke
Deputy Clerk